AO 243 (Rev. 5/85)

**MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**

| United States District Court | District DISTRICT OF MASSACHUSETTS | | |
|---|---|---|---|
| Name of Movant ROBERTO PORTES | Prisoner No. 20734-038 | | Case No. 95-CR-10284 |
| Place of Confinement FCI RAYBROOK | | | |

| UNITED STATES OF AMERICA | JUNIOR DIAZ-PENA |
|---|---|
| V. | (name under which convicted) |

04-12181 WGY

MOTION   MAGISTRATE JUDGE ___

1. Name and location of court which entered the judgment of conviction under attack __UNITED STATES DISTRICT COURT, DISTRICT OF MASSACHUSETTS__

2. Date of judgment of conviction __JANUARY 10, 1997__

3. Length of sentence __360 MONTHS__

4. Nature of offense involved (all counts) __21 USC § 846; § 841(a)(1); 21 USC § 853__

5. What was your plea? (Check one)
   (a) Not guilty    XX
   (b) Guilty        ☐
   (c) Nolo contendere ☐

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury          ☐
   (b) Judge only    ☐

7. Did you testify at the trial?
   Yes ☐ No ☒

8. Did you appeal from the judgment of conviction?
   Yes ☐ No ☒

(2)

9. If you did appeal, answer the following:

   (a) Name of court _____

   (b) Result _____

   (c) Date of result _____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any federal court?
   Yes ☒ No ☐

11. If your answer to 10 was "yes," give the following information:

   (a)(1) Name of court __U.S. COURT OF APPEALS, FIRST CIRCUIT__

   (2) Nature of proceeding __MOTION TO REOPEN TIME TO FILE APPEAL__

   (3) Grounds raised __APPELLATE COUNSEL'S INEFFECTIVENESS__

   _____

   _____

   _____

   _____

   _____

   (4) Did you receive an evidentiary hearing on your petition, application or motion?
   Yes ☐ No ☒

   (5) Result __DENIED WITHOUT PREJUDICE TO REFILE § 2255 PETITION__

   (6) Date of result __AUGUST 17, 2004__

   (b) As to any second petition, application or motion give the same information:

   (1) Name of court _____

   (2) Nature of proceeding _____

   _____

   (3) Grounds raised _____

   _____

   _____

   _____

   _____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☐

(5) Result_____

(6) Date of result _____

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
(1) First petition, etc.        Yes ☐ No ☒ X
(2) Second petition, etc.    Yes ☐ No ☐

(d) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

PETITIONER DID NOT RECIEVE NOTIFICATION OF THE AUGUST 16 2004 DENIAL, UNTIL OCTOBER 1, 2004.

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

CAUTION: If you fail to set forth all ground in this motion, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.
(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.

(4)

D. Ground four: DENIAL OF RIGHT TO FIRST APPEAL DUE TO COUNSEL'S FAILURE TO PERFECT A FIRST APPEAL AFTER 9 CONTINUENCES

Supporting FACTS (state *briefly* without citing cases or law): SEE ATTACHED

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them: _____

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
Yes ☐  No ☒ X

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a) At preliminary hearing   DAVID A COOPER, ESQUIRE

(b) At arraignment and plea   SAME

(c) At trial   SAME

(d) At sentencing   SAME

(e) On appeal _RODERICK B. O'CONNER, 935 MAIN STREET, SPRINGFIELD, MA_

(f) In any post-conviction proceeding _____

(g) On appeal from any adverse ruling in a post-conviction proceeding _____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
    Yes ☐  No ☒

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
    Yes ☐  No ☒

    (a) If so, give name and location of court which imposed sentence to be served in the future: _____

    (b) Give date and length of the above sentence: _____

    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
    Yes ☐  No ☐

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

_____
(date)

_____
Signature of Movant

(7)

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JUNIOR DIAZ-PENA

    Plaintiff

v.

UNITED STATES
    Defendant(s)

**APPLICATION TO PROCEED WITHOUT FULL PREPAYMENT OF FEES; AFFIDAVIT AND AUTHORIZATION FORM**

CASE NUMBER: 95-CR-10284

04-12181 WGY

I, __JUNIOR DIAZ-PENA__ declare that I am the (check appropriate box)

☒ petitioner/plaintiff/movant     ☐ other

in the above-entitled proceeding; that in support of my request to proceed without prepayment of fees or costs under 28 USC. § 1915 I declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief sought in the complaint/petition/motion.
In support of this application, I answer the following questions under penalty of perjury:

1. Are you currently incarcerated?:     ☒ Yes     ☐ No   (If "No" go to Part 2)

If "Yes" state the place of your incarceration: __FCI RAYBROOK__

Are you employed at the institution?     ☒ Yes     ☐ No

Do you receive any payment from same?     ☒ Yes:     ☐ No

**Notice to Inmates:** __The Certificate portion of this affidavit must be completed__.

2. Are you currently employed?:     ☒ Yes     ☐ No

   a. If the answer is "Yes" state the amount of your take-home salary or wages and pay period and give the name and address of your employer.

   b. If the answer is "No" state the date of your last employment, the amount of your take home salary or wages and the name and address of your last employer.

3. In the past twelve months have you received any money from any of the following sources?

   a. Business, profession or other self employment     ☐ Yes     ☒ No

   b. Rent payments, interest or dividends     ☐ Yes     ☒ No

   c. Pensions, annuities or life insurance payments     ☐ Yes     ☒ No

   d. Disability or workers compensation payments     ☐ Yes     ☒ No

   e. Gifts or inheritances     ☐ Yes     ☒ No

   f. Any other sources     ☐ Yes     ☒ No

   If the answer to any of the above is "Yes" describe each source of money and state the amount received **and** what you expect you will continue to receive.

FORM F.1

4. Do you have any cash, checking or savings accounts?   ☒ Yes   ☐ No

If "Yes" state the total amount. _____

5. Do you own any real estate, stocks, bonds, securities, other financial instruments, automobiles or **any other assets?**   ☐ Yes   ☒ No

If "Yes" describe the property and state its value (attach additional sheets as necessary):

6. List the persons who are dependent on you for support, state your relationship to each person and indicate how much you contribute to their support.

I declare under penalty of perjury that the above information is true and correct.

_____                X_____
DATE                                           SIGNATURE OF APPLICANT

# CERTIFICATE
(incarcerated applicants only)
(To be completed by appropriate official at the institution of incarceration)

I certify that the applicant named herein has the sum of $_____ on account to his/her credit at (name of institution) _____. I further certify that the applicant has the following securities to his/her credit: _____ _____. I further certify that **during the past six months** the applicant's average balance was $_____.

_____        _____
DATE                                   SIGNATURE OF AUTHORIZED OFFICER

## Notice to Inmates:

Pursuant to the Federal Court Improvement Act of 1996, Pub.L. No. 104-317, 110 Stat. 3847, as of December 18, 1996, the filing fee for most civil actions was increased from $120.00 to $150.00. *See id.* at § 401 (amending 28 U.S.C. § 1914(a)). Also, pursuant to the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321, inmates are required to pay, over a period of time, the full filing fee.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,
        Respondents,  :

v.                           :

JUNIOR DIAZ-PENA,        :
        Petitioner,
                           :

Crim. No. 95-CR-10284 (PBS)

PETITION PURSUANT TO 28 USC § 2255

- - - - - - - - -

## MEMORANDUM IN SUPPORT

1. I am the defendant/petitioner in the above referenced proceeding, and that the foregoing is submitted in support of my petition for habeas review, under Title 28 U.S.C. § 2255, in order to secure an Order for resentencing due to appellate counsel's failure to timely file my first appeal. As will be evinced, (a) the petitioner requested the assignment of counsel in order to effectuate an appellate brief; (b) the Court of Appeals assigned Roderick B. O'Conner as counsel of record; (c) counsel requested and received payment, despite this Court's Order of assignment under the C.J.A. Plan; (d) counsel failed to timely file an appellate brief, despite 9 successive requests to extend the time in which to file; (e) there exists non-frivolous issues, that if raised, there is a reasonable probability that the petitioner will be successful on appeal; and (f) the government will not be prejudiced by this Court's granting such request for resentencing.

---

\* The petitioner filed a Motion to Reopoen the Time in which to file an appeal to the Court of Appeals; on August 17, 2004, the Court denied, without prejudice and directed that petitioner file a petition pursuant to 28 USC § 2255 alleging ineffective assisstance of appellate counsel, hence the instant motion.

PROCEDURAL HISTORY OF THIS CASE

2. The appellant was found guilty following a jury trial of violating 21 U.S.C. § 846 (Conspiracy to Possess Heroin, with intent to Distribute), 21 U.S.C. § 841(a)(1) (Possession with Intent to Distribute), and 21 U.S.C. § 853 (Civil Forfeiture), in the United States District Court, District of Massachusetts, with the Honorable Judge Patti B. Saris presiding. The Honorable Court sentenced the appellant to 360 months of imprisonment on Counts I and 5, to be served concurrent with each other, and a term of 240 months of imprisonment on Count 4, to be served concurrent to the sentence imposed on the previous Counts.

3. The appellant was represented during trial by Mr. David A. Cooper, Esquire, who timely filed a Notice of Appeal subsequent to the January 10, 1997 date of imposition of sentence.

4. The Court assigned Mr. Cooper as attorney of record for appellate purposes, however subsequently due to counsel's negligence, the appeal was dismissed on May 1, 1997, for failure to pay the required filing fee, pursuant to Local Rule 45.

5. On July 17, 1997, the appellant, by letter in lieu of petition, requested from the Court that the appellate rights be reinstated, which was granted. In addition, in light of the district court's previous Informa Pauperis Order as to the appellant, on July 22, 1997, Mr. Roderick B. O'Conner was assigned for appeal.

6. Through a convoluted series of request(s) to extend the time in which to file, Mr. O'Conner received 9 extensions from the Court, from the inception of September 4, 1997 through February 9, 2000. Of those 9 extensions, 4 were premised upon counsel's need for the trial transcripts, which were not timely served upon counsel due to Court Reporter Marie Cloonan. On August 31, 1999 however, the Supplemental Record was filed.

7. In addition, prior to the ultimate Order of dismissal, counsel moved to withdraw, however on 5/27/98, the Court denied such the request; and subsequent to this denial, and prior to the dismissal Order of February 3, 2000, counsel requested and received payment from the appellant's family for submittal of the appellate brief, despite the prior Order of representation and informa pauperis status. (See March 5, 2001 letter from O'Conner).

8. It is submitted that through counsel's actions, ommissions, and laxadaisacal attitude, the appellant's Sixth Amendment Right to effective assistance of counsel was violated. See Restrepo v. Kelly, 178 F.3d 634, 640-41 (2d Cir. 1999); U.S. v. Mannino, 212 F.3d 835, 845 (3d Cir. 2000); U.S. v. Williamson, 183 F.3d 458, 463-64 (5th Cir. 1999); and of course, Strickland v. Washington, 466 U.S. 668 (1984), which discusses the two-prong test normally used to evaluate an ineffective assistance claim.

9. The record is certainly sufficient at this point to identify the alleged acts and ommissions in order to satisfy the first prong of Strickland; and in interpreting the second prong

(prejudice), the Supreme Court has identified a narrow category of cases in which prejudice is presumed. That presumption applies when there has been an "[a]ctual or constructive denial of the assistance of counsel altogether. See <u>Hernandez</u> v. <u>U.S.</u>, 202 F.3d 486, 489 (2d Cir. 2000) (prejudice presumed where alleged ineffective assistance based on "unexcused failure to bring a direct appeal from a criminal conviction upon the defendant's direction to do so"); <u>Blankenship</u> v. <u>Johnson</u>, 118 F.3d 312, 317 (5th Cir. 1997).

10. Here, following the appellant's January 10, 1997 [2/] imposition of judgment, "he" requested an appeal be taken as is his Constitutional Right as promulgated by Rule 4(b), Fed.R.App.P. Certainly it may not be argued that the appellant did not adequately request that an appeal be taken. This is evinced from a reading of <u>this</u> Court's Docket Sheet, (See Docket Entry 7/3/97), where the appellant's <u>letter</u> in lieu of petition to reinstate the appeal was granted by Order of this Court.

11. Following Mr. O'Conner's representation assignment, the appellant and counsel through correspondence discussed proposed

---

[2] The preposition "he" is utilized as this petition is prepared by an inmate certified "para-legal" also detained within FCI Raybrook. This petition is prepared in "good faith", and after a review of the material in appellant's possession, and through numerous conversations with the appellant. The appellant is a non-United States citizen, and does not read, nor write English substantially. Any statement that is based upon "information and belief" has been included as a result of this writer's efforts to comprehend the unusual circumstances of this case.

issues for relief. As this criminal case predated the Supreme Court decision in Apprendi v. New Jersey, 530 U.S. 466 (2000), and its progeny, the appellant did preserve his Apprendi type objections at the January 10, 1997 Factico portion of the sentencing hearing.

12. Relevantly, the appellant, through former counsel, challenged the inaccuracies, pursuant to Rule 32(c)(1) (challenging the Pre-Sentence Report), which concerned the lack of specificity of the drug type and quantity. (See attached portion of the P.S.R.). The appellant advanced to present appellate counsel, Mr. O'Conner, that the district court failed to make specific findings as to support the drug quantity assessed to "him". See U.S. v. Lawrence, 47 F.3d 1559 (11th Cir. 1995) (insufficient findin to support the drug quantities); U.S. v. Lee, 68 F.3d 1267 (11th Cir. 1995) (same); U.S. v. Acosta, 85 F.3d 275 (7th Cir. 1996).

13. In addition, the P.S.R. objection challenged the scope of the conspiracy, U.S. v. Reese, 67 F.3d 902 (11th Cir. 1996); and the extrapolation of drug quantity vis-a-vis, estimated amount of money in relation to the charged offense. See U.S. v. Caldwell, 88 F.3d 522 (8th Cir. 1995).

---

3
Recent case law in, U.S. v. Colin-Solis, 2004 WL 35467, No. 01-1773; and U.S. v. Thomas, No.02-10409, 2004 WL 112644, (9th Cir.) certainly supports the propositions made in ¶¶ 11-13.

14. Moreover, the appellant's P.S.R. objection contended that there was "no basis for determining the actual amount arrived at by the government", utilizing the 11th Circuit holding of U.S. v. Hutchinson, 89 F.3d 1501 (1996), and requested an evidentiary hearing on the basis of erroneous district court calculations (citing U.S. v. Wihber, 75 F.3d 761 (1st Cir. 1996), and U.S. v. Sepulveda, 15 F.3d 1161 (1st Cir. 1993).

15. Additionally, the P.S.R. objection noted that the government's attribution of "leadership and organizer role" (USSG § 3B1.1(a) was erroneous based upon the 7th Circuit's holding in U.S. v. Miller, 962 F.2d 739 (7th Cir. 1992), and U.S. v. Tai, 41 F.3d 1170 (7th Cir. 1994).

16. Further, the P.S.R. objection noted that the adjustment for constructive possession of a weapon found in 1 Wayne Terrace, (USSG § 2D1.1(b)(1), should not have been attributed toward the defendant. The apartment in which the weapon, and drugs were found, did not have a relation to the defendant, and that the individual discovered in the apartment with the weapon was not charged either substantively or enhanced by this discovery.[4]

17. Finally, in relation to the P.S.R.'s finding, and the district court's ultimate imposition of a sentence that exceeded

---

[4] Notably, no other person was charged substantively with possessing this discovered weapon, or enhanced pursuant to USSG § 2D1.1(b)(1).

the statutory maximum sentence allowed, the appellant proferred to counsel that the circumstances of this case would dictate an ultimate sentence between 0-20 years, based upon the lack of specificity of the drug quantity, as is mandated under 21 U.S.C. § 841(b)(1)(C). Of course, this Court is aware of the recent Supreme Court decision, granting <u>certiorari</u> review in <u>U.S. v. Blakely</u>, No.02-1632, which concerns the illegality of enhancements without a prior finding by a jury, beyond a reasonable doubt. As such, the contentions made by former counsel, challenging the P.S.R.'s findings, are further enhanced especially so, if the Court reverses <u>Blakely's</u> conviction and/or sentence.

B. <u>Actual Conflict of Interest</u>

18. The presumption of prejudice, as discussed earlier, is satisfied when counsel is burdened by an "actual conflict of interest". See <u>Cuyler v. Sullivan</u>, 446 U.S. 335, 350 (1980). In that situation, prejudice is so likely to occur that a case-by-case inquiry is unnecessary. <u>Accord, Cronic</u>, 466 U.S. at 658 (1984).

19. Here, a conflict occured after Mr. O'Conner was appointed under the C.J.A. plan, yet <u>charged</u> the appellant a fee for representation. It is unclear from the available material, at exactly what point counsel demanded a fee from appellant, however, at <u>any point</u>, counsel violated the Canon Code of Ethics, by demanded a fee, and excepting money from the appellant for the very work he was assigned to do. In anticipation of the

government's reply to this issue, it may be assumed that counsel, if retained after the dismissal, purposely allowed the appeal to be dismissed in order to secure fees from the appellant for collateral petitions. This too is evinced from a review of the attached letters from O'Conner dated March 6, 2000, and March 6, 2001.

20. On July 8, 2002, the appellant, via letter in lieu of formal petition, due to his ignorance, directed an inquiry to the district court (see attached 7/8/02 letter), requesting judicial intervention, to no avail. The district court failed to reply to this and all other inquiry letters (See e.g., February 8, 2002; July 31, 2002, and January 9, 2003 letters). The latter inquiry, though inartfully completed, directed the district courts attention to the previously filed letters, and merely requested a reply. This latter inquiry was also ignored.

21. In relation to this application, the petitioner asserts that the Second Circuit granted similar relief in U.S. v. Zillgitt 286 F.3d 128 (2d Cir. 2002), where after 8 years following the judgment of conviction, Zillgitt filed a habeas application asserting that his counsel was ineffective for failing to file an appeal, after being explicitly instructed to. The Court granted Zilgitt relief, and resentenced him in order to provide first appellate rights.

In conclusion, it is asserted that the petitioner has raised a colorable issue, that appellate counsel was clearly ineffective, and that petitioner is entitled to be resentenced in order to be able to file a first appeal.

Case 1:04-cv-12181-PBS     Document 1     Filed 10/18/2004     Page 16 of 16