UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,
    Respondents, :
             Crim. No. 95-CR-10284 (PBS)
v.          :
             PETITION PURSUANT TO 28 USC §
JUNIOR DIAZ-PENA,   : 2255
    Petitioner,
             :

– – – – – – – –

MEMORANDUM IN SUPPORT

1. I am the defendant/petitioner in the above referenced proceeding, and that the foregoing is submitted in support of my petition for habeas review, under Title 28 U.S.C. § 2255, in order to secure an Order for resentencing due to appellate counsel's failure to timely file my first appeal. As will be evinced, (a) the petitioner requested the assignment of counsel in order to effectuate an appellate brief; (b) the Court of Appeals assigned Roderick B. O'Conner as counsel of record; (c) counsel requested and received payment, despite this Court's Order of assignment under the C.J.A. Plan; (d) counsel failed to timely file an appellate brief, despite 9 successive requests to extend the time in which to file; (e) there exists non-frivolous issues, that if raised, there is a reasonable probability that the petitioner will be successful on appeal; and (f) the government will not be prejudiced by this Court's granting such request for resentencing.

---

\* The petitioner filed a Motion to Reopoen the Time in which to file an appeal to the Court of Appeals; on August 17, 2004, the Court denied, without prejudice and directed that petitioner file a petition pursuant to 28 USC § 2255 alleging ineffective assisstance of appellate counsel, hence the instant motion.

6. Through a convoluted series of request(s) to extend the time in which to file, Mr. O'Conner received 9 extensions from the Court, from the inception of September 4, 1997 through February 9, 2000. Of those 9 extensions, 4 were premised upon counsel's need for the trial transcripts, which were not timely served upon counsel due to Court Reporter Marie Cloonan. On August 31, 1999 however, the Supplemental Record was filed.

7. In addition, prior to the ultimate Order of dismissal, counsel moved to withdraw, however on 5/27/98, the Court denied such the request; and subsequent to this denial, and prior to the dismissal Order of February 3, 2000, counsel requested and received payment from the appellant's family for submittal of the appellate brief, despite the prior Order of representation and informa pauperis status. (See March 5, 2001 letter from O'Conner).

8. It is submitted that through counsel's actions, ommissions, and laxadaisacal attitude, the appellant's Sixth Amendment Right to effective assistance of counsel was violated. See Restrepo v. Kelly, 178 F.3d 634, 640-41 (2d Cir. 1999); U.S. v. Mannino, 212 F.3d 835, 845 (3d Cir. 2000); U.S. v. Williamson, 183 F.3d 458, 463-64 (5th Cir. 1999); and of course, Strickland v. Washington, 466 U.S. 668 (1984), which discusses the two-prong test normally used to evaluate an ineffective assistance claim.

9. The record is certainly sufficient at this point to identify the alleged acts and ommissions in order to satisfy the first prong of Strickland; and in interpreting the second prong

(prejudice), the Supreme Court has identified a narrow category of cases in which prejudice is presumed. That presumption applies when there has been an "[a]ctual or constructive denial of the assistance of counsel altogether. See <u>Hernandez</u> v. <u>U.S.</u>, 202 F.3d 486, 489 (2d Cir. 2000) (prejudice presumed where alleged ineffective assistance based on "unexcused failure to bring a direct appeal from a criminal conviction upon the defendant's direction to do so"); <u>Blankenship</u> v. <u>Johnson</u>, 118 F.3d 312, 317 (5th Cir. 1997).

10. Here, following the appellant's January 10, 1997 [2/] imposition of judgment, "he" requested an appeal be taken as is his Constitutional Right as promulgated by Rule 4(b), Fed.R.App.P. Certainly it may not be argued that the appellant did not adequately request that an appeal be taken. This is evinced from a reading of <u>this</u> Court's Docket Sheet, (See Docket Entry 7/3/97), where the appellant's <u>letter</u> in lieu of petition to reinstate the appeal was granted by Order of this Court.

11. Following Mr. O'Conner's representation assignment, the appellant and counsel through correspondence discussed proposed

---

[2] The preposition "he" is utilized as this petition is prepared by an inmate certified "para-legal" also detained within FCI Raybrook. This petition is prepared in "good faith", and after a review of the material in appellant's possession, and through numerous conversations with the appellant. The appellant is a non-United States citizen, and does not read, nor write English substantially. Any statement that is based upon "information and belief" has been included as a result of this writer's efforts to comprehend the unusual circumstances of this case.

issues for relief. As this criminal case predated the Supreme Court decision in Apprendi v. New Jersey, 530 U.S. 466 (2000), and its progeny, the appellant did preserve his Apprendi type objections at the January 10, 1997 Factico portion of the sentencing hearing.

12. Relevantly, the appellant, through former counsel, challenged the inaccuracies, pursuant to Rule 32(c)(1) (challenging the Pre-Sentence Report), which concerned the lack of specificity of the drug type and quantity. (See attached portion of the P.S.R.). The appellant advanced to present appellate counsel, Mr. O'Conner, that the district court failed to make specific findings as to support the drug quantity assessed to "him". See U.S. v. Lawrence, 47 F.3d 1559 (11th Cir. 1995) (insufficient findin to support the drug quantities); U.S. v. Lee, 68 F.3d 1267 (11th Cir. 1995) (same); U.S. v. Acosta, 85 F.3d 275 (7th Cir. 1996).

13. In addition, the P.S.R. objection challenged the scope of the conspiracy, U.S. v. Reese, 67 F.3d 902 (11th Cir. 1996); and the extrapolation of drug quantity vis-a-vis, estimated amount of money in relation to the charged offense. See U.S. v. Caldwell, 88 F.3d 522 (8th Cir. 1995).

---

[3] Recent case law in, U.S. v. Colin-Solis, 2004 WL 35467, No. 01-1773; and U.S. v. Thomas, No. 02-10409, 2004 WL 112644, (9th Cir.) certainly supports the propositions made in ¶¶ 11-13.

14. Moreover, the appellant's P.S.R. objection contended that there was "no basis for determining the actual amount arrived at by the government", utilizing the 11th Circuit holding of U.S. v. Hutchinson, 89 F.3d 1501 (1996), and requested an evidentiary hearing on the basis of erroneous district court calculations (citing U.S. v. Wihber, 75 F.3d 761 (1st Cir. 1996), and U.S. v. Sepulveda, 15 F.3d 1161 (1st Cir. 1993).

15. Additionally, the P.S.R. objection noted that the government's attribution of "leadership and organizer role" (USSG § 3B1.1(a) was erroneous based upon the 7th Circuit's holding in U.S. v. Miller, 962 F.2d 739 (7th Cir. 1992), and U.S. v. Tai, 41 F.3d 1170 (7th Cir. 1994).

16. Further, the P.S.R. objection noted that the adjustment for constructive possession of a weapon found in 1 Wayne Terrace, (USSG § 2D1.1(b)(1), should not have been attributed toward the defendant. The apartment in which the weapon, and drugs were found, did not have a relation to the defendant, and that the individual discovered in the apartment with the weapon was not charged either substantively or enhanced by this discovery.[4]

17. Finally, in relation to the P.S.R.'s finding, and the district court's ultimate imposition of a sentence that exceeded

---

[4] Notably, no other person was charged substantively with possessing this discovered weapon, or enhanced pursuant to USSG § 2D1.1(b)(1).

the statutory maximum sentence allowed, the appellant proferred to counsel that the circumstances of this case would dictate an ultimate sentence between 0-20 years, based upon the lack of specificity of the drug quantity, as is mandated under 21 U.S.C. § 841(b)(1)(C). Of course, this Court is aware of the recent Supreme Court decision, granting <u>certiorari</u> review in <u>U.S.</u> v. <u>Blakely</u>, No.02-1632, which concerns the illegality of enhancements without a prior finding by a jury, beyond a reasonable doubt. As such, the contentions made by former counsel, challenging the P.S.R.'s findings, are further enhanced especially so, if the Court reverses <u>Blakely's</u> conviction and/or sentence.

B. <u>Actual Conflict of Interest</u>

18. The presumption of prejudice, as discussed earlier, is satisfied when counsel is burdened by an "actual conflict of interest". See <u>Cuyler</u> v. <u>Sullivan</u>, 446 U.S. 335, 350 (1980). In that situation, prejudice is so likely to occur that a case-by-case inquiry is unnecessary. Accord, Cronic, 466 U.S. at 658 (1984).

19. Here, a conflict occured after Mr. O'Conner was appointed under the C.J.A. plan, yet <u>charged</u> the appellant a fee for representation. It is unclear from the available material, at exactly what point counsel demanded a fee from appellant, however, at <u>any point</u>, counsel violated the Canon Code of Ethics, by demanded a fee, and excepting money from the appellant for the very work he was assigned to do. In anticipation of the

government's reply to this issue, it may be assumed that counsel, if retained after the dismissal, purposely allowed the appeal to be dismissed in order to secure fees from the appellant for collateral petitions. This too is evinced from a review of the attached letters from O'Conner dated March 6, 2000, and March 6, 2001.

20. On July 8, 2002, the appellant, via letter in lieu of formal petition, due to his ignorance, directed an inquiry to the district court (see attached 7/8/02 letter), requesting judicial intervention, to no avail. The district court failed to reply to this and all other inquiry letters (See e.g., February 8, 2002; July 31, 2002, and January 9, 2003 letters). The latter inquiry, though inartfully completed, directed the district courts attention to the previously filed letters, and merely requested a reply. This latter inquiry was also ignored.

21. In relation to this application, the petitioner asserts that the Second Circuit granted similar relief in U.S. v. Zillgitt 286 F.3d 128 (2d Cir. 2002), where after 8 years following the judgment of conviction, Zillgitt filed a habeas application asserting that his counsel was ineffective for failing to file an appeal, after being explicitly instructed to. The Court granted Zilgitt relief, and resentenced him in order to provide first appellate rights.

In conclusion, it is asserted that the petitioner has raised a colorable issue, that appellate counsel was clearly ineffective, and that petitioner is entitled to be resentenced in order to be able to file a first appeal.

Case 1:04-cv-12181-PBS   Document 2   Filed 10/18/2004   Page 8 of 8