UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JUNIOR DIAZ PENA )
 )
   (a/k/a "Roberto Portes"), )
 )
       Petitioner, )
 )
v. ) Civil Action
 ) No. 04-12181-PBS
 )
UNITED STATES OF AMERICA, )
 )
       Respondent. )
 )

## GOVERNMENT'S RESPONSE TO PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

The United States of America, by its attorneys, Michael J. Sullivan, United States Attorney for the District of Massachusetts and Assistant U.S. Attorney Heidi E. Brieger, hereby responds to petitioner Roberto Portes' ("Portes") Motion To Vacate, Set Aside, Or Correct Sentence pursuant to Title 28, United States Code, Section 2255 (the "Motion"). By his Motion, Portes asserts that his appellate counsel was ineffective because he permitted his appeal to be dismissed without Portes' knowledge or permission. Portes therefore requests this Court to allow this Motion and reinstate his appeal period before Court of Appeals for the First Circuit.

As is set forth in more detail below, based on the procedural and factual circumstances in this matter, the government does not oppose Portes' request to reopen his appeal.

1

***Procedural Background***

On January 10, 1997, a jury in the matter of the United States v. Junior Pena, et al., Criminal Number 95-10284-PBS, convicted Portes of one count of conspiring to distribute heroin, in violation of Title 21, United States Code, Section 846, and two counts of possession of heroin with intent to distribute it, in violation of Title 21, United States Code, Section 841(b)(1)(a). This Court sentenced Portes to, inter alia, a 360-month term of incarceration. Portes filed a timely appeal on February 18, 1997. The Court of Appeals dismissed that appeal on May 1, 1997, for lack of prosecution. On July 17, 1997, the Court of Appeals reinstated the appeal, and appointed Roderick B. O'Connor, Esq., as appellate counsel.

Between July, 1997, and December, 1999, the Court of Appeals granted Portes seventeen extensions of time within which to file a statement of issues and an appellate brief, the majority of which were based on the unavailability of trial transcripts. During that period, on May 27, 1998, Mr. O'Connor moved for an extension of time and also moved to withdraw his appearance as counsel for Portes. By Order dated the same day, the Court of Appeals allowed the motion for a continuance, but denied the motion to withdraw, and ordered the Appellant's Brief be filed by September 4, 1998.

After the First Circuit's May 27, 1998, denial of Mr. O'Connor's request to withdraw from the case, Portes filed pro se motions to continue the time for filing the brief, but there were

no further filings by Mr. O'Connor. In light of the fact that no brief was ever filed, the Court of Appeals dismissed Portes' appeal on December 17, 1999, for want of prosecution.

Approximately 4 ½ years later, on June 14, 2004, Portes filed a Motion To Reopen Time, pro se, accompanied by an affidavit, requesting the Court to reopen his appeal on the grounds that his appellate counsel had failed to file a brief without his permission. By Order dated July 28, 2004, the Court of Appeals ordered Portes' appellate counsel to explain why he had not filed a brief in Portes' case. Mr. O'Connor filed an affidavit the following day, July 29, 2004, indicating that he had concluded there were no valid appellate issues, Aff. ¶ 1, and that he realized, in retrospect, he should have filed an Anders brief. Aff. ¶ 4. Mr. O'Connor further indicated that he told Portes' son, Marvin Vargas, that there were no valid appellate issues. Aff. ¶ 2. According to Mr. O'Connor, Mr. Vargas had been acting as an "intermediary" between Portes and himself. ¶ 3. Mr. O'Connor stated that he had written to Mr. Vargas, and had sent him transcripts, pleadings, and a memorandum stating his conclusion that Portes had no meritorious appellate issues. Aff. ¶ 14.[1]

---

[1] Portes also claims that Mr. O'Connor took a fee from Mr. Vargas for Mr. O'Connor's appointed work. Mr. O'Connor claims that he took the fee later, for a separate matter, which consisted solely of the investigation into whether there was a basis for continued cooperation leading to a sentence reduction pursuant to Rule 35. Aff. ¶¶ 7 - 11. That issue is for another forum insofar as it does not affect the central question relating to counsel's failure to file a brief in this matter.

On August 17, 2004, the Court of Appeals denied Portes' Motion To Reopen Time, and noted that the denial was, "without prejudice to petitioner's filing a § 2255 petition alleging ineffective assistance of appellate counsel in allowing the appeal to be dismissed without defendant's consent." Portes filed the instant Motion on October 18, 2004.

### *Argument*

Collateral relief under 28 U.S.C. § 2255 is extraordinary, and is appropriate only of the claimed defect: (1) is constitutional or jurisdictional; (2) is a fundamental defect resulting in the complete miscarriage of justice; (3) is an omission that is inconsistent with the rudimentary demands of fairness; or (4) creates an exceptional circumstance in which the need for habeas relief is apparent. United States v. Timmreck, 441 U.S. 780, 784-85 (1979). A Section 2255 petitioner must prove entitlement to relief by a preponderance of the evidence. Barrett v. United States, 965 F.2d 1184, 1186 (1st Cir. 1992). The issue before the Court is whether Portes' appellate counsel was unreasonable in failing to file an appellate brief or an Anders brief, and whether the subsequent dismissal of Portes' appeal has prejudiced him to such an extent that it has resulted in a miscarriage of justice. The answer to both questions is yes.

In situations such as Portes', where an appointed appellate counsel "finds [a] case to be wholly frivolous after a conscientious examination" of the case, such counsel is directed

4

to advise the Court of Appeals and request permission to withdraw. Anders v. California, 386 U.S. 738, 744 (1967). Such a request must be a accompanied by "a brief referring to anything in the record that might arguably support the appeal" id., and identifying any "issue arguably supporting the appeal even though the appeal was wholly frivolous." Smith v. Robbins, 528 U.S. 259, 285 (2000). Other appeals courts have also required that counsel "explain why the issues are frivolous," United States v. Marvin, 211 F.3d 778, 781 (3d Cir. 2000), and show that the counsel "thoroughly scoured the record in search of appealable issues." Id. at 780; see also United States v. Youla, 241 F.3d 296, 300 (3d Cir. 2001).

Until recently, failure to submit an Anders brief was per se ineffective assistance under Penson v. Ohio. 488 U.S. 75 (1988)(failure to submit Anders brief is per se ineffective assistance of counsel); see also Bonneau v. United States, 961 F.2d 17 (1st Cir. 1992)(defendant entitled to reopen appeal under 28 U.S.C. § 2255 where appeal dismissed for want of prosecution); United States v. Tajeddini, 945 F.2d 458 (1st Cir. 1991) (presuming prejudice when defendant's counsel failed to appeal); but see Penson, 488 U.S. at 89, (O'Connor, J., concurring) (arguing that a "mere technical violation" of Anders "might be excusable").

Recent cases suggest that the filing of an Anders brief is not strictly required. In Smith v. Robbins, the Supreme Court held that rigid adherence to the Anders procedure was not

required, leaving the states free to craft equivalent procedures to protect defendants' right to counsel. 528 U.S. 259 (2000). In Smith, the Supreme Court called Anders a "suggestion," not a "straightjacket," but it did not substantively change the Anders requirements. Id. at 273, 284. For instance, the Court held that California's Wende procedure -- where counsel files a brief summarizing the procedural and factual history of the case, and then asks the court independently to examine the record and identify arguable issues counsel should brief upon the court's request -- adequately protected the defendant's right to counsel. Id. at 265; see People v. Wende, 25 Cal.3d 436 (1979)(Wende procedure also requires that counsel review record, provide client with brief and inform client of right to file a pro se supplemental brief).

Failure to file an Anders brief should be evaluated using the Strickland test for ineffective assistance of counsel. See Smith, 528 U.S. at 284-87 (court applies strong presumption of reliability in determining whether counsel was reasonable in filing an Anders, rather merits, brief); see Strickland v. Washington, 466 U.S. 668 (1984)(establishing a two-prong test for ineffective assistance requiring showing that counsel's representation "fell below objective standard of reasonableness," and counsel's deficient performance prejudiced the defense). The Strickland analysis also applies in cases where counsel failed to file a notice of appeal. Roe v. Flores-Ortega, 528 U.S. 470 (2000)(in determining reasonableness of counsel's failure to file

notice of appeal, question is whether counsel had duty to consult defendant about merits of appeal, and whether, but for counsel's failure to consult, petitioner would have timely appealed). The holding in Flores-Ortega suggests that Strickland is the final word on ineffective assistance and should therefore be consulted in determining the reasonableness of counsel's conduct here.

The first prong of the Strickland test is the duty to consult:

> Counsel has ... a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are non-frivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.

Flores-Ortega, 528 U.S. at 480.

Portes claims to have instructed counsel to file an appeal. The record, including docket entries and the attachments to the Motion, reasonably supports that contention. Thus, counsel's failure to file *something*, apparently without direct consultation with Portes, was unreasonable. Flores-Ortega, 528 U.S. at 470 (citing Rodriguez v. United States, 395 U.S. 327 (1969)); id. at 478 ("Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal.").

With regard to the second prong of the Strickland test, the requirement that the counsel's performance prejudiced the defendant, the Flores-Ortega Court held:

> [A] the defendant must demonstrate that there is a

> reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed.

Flores-Ortega, 528 U.S. at 1038.

The fact that Portes promptly expressed his desire to appeal is "highly relevant" to the determination of prejudice under Flores-Ortega. Id. The First Circuit has affirmed that the defendant is prejudiced if his counsel in a criminal case failed to comply with his request to appeal. Hernandez v. Reno, 238 F.3d 50, 57 (1st Cir. 2001).

In this case, appellate counsel should have filed an Anders brief after the notice of appeal had been filed. Indeed, some courts continue to hold that the failure to follow an Anders-like procedure constitutes per se ineffective assistance and requires reinstatement of defendant's appeal so it can be decided on its merits. See United States v. Skurdal, 341 F.3d 921 (9th Cir. 2003)(attorney's failure to file an Anders brief constituted ineffective assistance); Betts v. Litscher, 241 F.3d 594, 597 (7th Cir. 2001)(counsel's failure to file "no merit report" entitled defendant to reopen appeal).

### Conclusion

For all the foregoing reasons, the government respectfully requests this Court to allow so much of Portes's Motion To Vacate, Set Aside Or Correct Sentence as alleges that counsel's failure to file an appellate brief, and the subsequent dismissal of his appeal without his permission, constitutes a miscarriage of justice because it denied him an appeal of his conviction and

sentence. Accordingly, the government respectfully requests this Court to reinstate Portes' appellate period in the interest of justice.

                                 Respectfully submitted,

                                 MICHAEL J. SULLIVAN
                               United States Attorney

By: _____
    HEIDI E. BRIEGER
    Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

Suffolk, ss.                         Boston, Massachusetts
                                 December 22, 2004

     This is to certify that a copy of the foregoing motion was sent by United States mail to Roberto Portes, 20734-038 - Unit 1B, FCI Schuylkill, P.O. Box 759, Minersville, PA 17954, this 19th day of December 2004.

                                 _____
                                 HEIDI E. BRIEGER
                                 Assistant U.S. Attorney