UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JUNIOR DIAZ PENA
A/K/A ROBERTO PORTES,

    Petitioner,

v.

UNITED STATES OF AMERICA,

Civil No. 04-12181-PBS

RESPONSE TO GOVERNMENT'S
UN-OPPOSSED REPLY

---

    Junior Diaz Pena, "Roberto Portes", hereafter Movant, affirms under the penalties of perjury:

    The primary purpose of this Response is merely to clarify mis-statements made by the government, in their un-opposed reply to the Movant's section 2255 application which was filed in order to reopen the time in which to file an appeal following a jury trial and judgment of conviction in the matter referenced thereto.

    First, it is certainly refreshing that the government conceeds to counsel's failure to file an appeal, following the Movant's express desire to so file. Moreover, as the government also conceeds to allowing the Movant to reinstate the direct appeal, it is presumed that this Court will accept both the Government's Reply and the Movant's application to vacate and or set aside the judgment in order to file the appeal based on ineffective assistance.

    It is however necessary to comment on what the government asserts in relation to counsel's failure to file. Essentially, the government asserts that, "where an appointed counsel finds a case wholly frivolous after a conscientious examination of the case, such counsel is directed to advise the Court of Appeals and

and request permission to withdraw. <u>Anders</u> v. <u>California</u>, 386 U.S. 738 (1967)"; <u>however</u>, the government's <u>assumption</u> that counsel would have filed an <u>Ander's</u> brief is completely specious.

First, former counsel requested <u>4</u> extensions in which to file the brief, following the judgment of conviction (counsel was assigned by CJA appointment). Following the final extension, the Court of Appeals dismissed the Movant's appeal for counsel's failure to file.

Counsel, at not time expressed to the appellant or the Court that an <u>Ander's</u> brief was necessitated by his review of the record. It is clearly apparent that counsel did not review the record at all in this case.

Following the dismissal, counsel wrote to the Movant and expressed that if the Movant paid him a fee, he would petition the Court for a time reduction. This was evinced from the Exhibits filed. In other words, counsel created a conflict of interest. Moreover, the Movant's family paid counsel $1,000 to file a ptition ; yet counsel again failed to file anything, thus forming the basis for the instant action.

In additionally, recently, former counsel attempted to give the Movant a check for $500 by certified mail, return receipt; however, the Movant did not accept this check; it was returned to sender.

The government attempted to paint a picture that counsel merely did not file an <u>Anders</u> brief. This presumption is belied by the record. The government cannot presume what former counsel did not articulate; and if counsel did in fact proffer this statement to the government, counsel has committed perjury, insofar, as he

2

solicited the Movant to retain him for a time reduction petition.

IF counsel did indeed peruse the record as the government indicates in their Response, counsel's latter advancement to the Movant concerning the retainment for a time reduction was clearly perjurous.

In any event, the Movant asserts that based upon the government's Response, that this Court grant the petition in all respects and to reinstate the Movant's time in which to file an appeal; and for the appointment of new counsel to file the appellate brief.

Respectfully,

*Roberto Portes*
Roberto Portes

February 16, 2005